UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20441-Cr-KMW

UNITED STATES OF AMERICA

vs.

STEVEN FERTIL,
      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and STEVEN FERTIL (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1, 2, and 8 of the indictment, which charge the defendant with access device fraud and aggravated identity theft, in violation of Title 18, United States Code, Sections 1029(b)(2), 1029(a)(3), and 1028A.

2. This Office agrees to seek dismissal of Counts 4, 9, and 14 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

1

sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

    4. The defendant also understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution.  The defendant also understands and acknowledges that as to Count 2, the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution.  As to Count 8, the defendant also understands and acknowledges that the Court must impose a term of imprisonment of 2 years that will run consecutively to whatever term of imprisonment is imposed for Counts 1 and 2.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution. Counts 1 and 2 may also be imposed to run consecutively to each other.

    5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $300

will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea

agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) <u>Base Offense Level</u>: That the defendant's base offense level is 6, pursuant to Section 2B1.1(a)(2) of the Sentencing Guidelines.

(b) <u>Specific Offense Characteristics</u>:

(i) That the defendant should receive an 18-level increase (+18) for loss that exceeds $2,500,000, pursuant to Section 2B1.1(b)(1)(J) of the Sentencing Guidelines;

4

(ii) That the defendant should receive a six-level increase (+6) for an offense that involved more than 250 victims, pursuant to Section 2B1.1(b)(2)(C) of the Sentencing Guidelines.

(iii) That the defendant should receive a two level increase (+2) for an offense that involved sophisticated means, pursuant to Section 2B1.1(b)(10)(C) of the Sentencing Guidelines.

9. Although not binding on the probation office or the Court, this Office agrees to recommend a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines, provided that the Court make all of the jointly recommended findings in paragraph 8, above. The defendant further agrees that, although not binding on the probation office or the Court, he will recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines, provided that the advisory guideline range determined by the Court is based on a total offense level of thirty two (32) or less, before any reduction for acceptance of responsibility. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. Notwithstanding the above, if the Court's application of the Sentencing Guidelines results in an advisory guideline range that is greater than his co-defendant's advisory guideline range, the defendant is permitted to request a variance and/or departure to his co-defendant's advisory guideline range.

10. The defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any personal property used or intended to be used in the commission of the offenses, in violation of 18 U.S.C. § 1029, pursuant to 18 U.S.C. § 1029(c)(1)(C), and any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as

5

the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B).  In addition, the defendant specifically agrees to the entry of a forfeiture money judgment in a sum to be determined at sentencing, joint and several with the codefendant in this case, which sum will represent the value of the proceeds derived as the result the commission of the offenses.  The defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to any forfeited property.  In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property.  The defendant also agrees to waive any appeal of the forfeiture.

11.     The defendant agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities.  The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

12. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/8/14     By: _____
                      JONATHAN KOBRINSKI, AUSA

Date: 10/8/14     By: _____
                      PAUL PETRUZZI, Attorney for Defendant

Date: 10/8/14     By: _____
                      STEVEN FERTIL, Defendant